## ALLEN v. HALLIDAY and others.[1]

*(Circuit Court, E. D. Louisiana. November, 1885.)*

1. EQUITY JURISDICTION—CLOUD UPON TITLE.

> A suitor has no remedy at law to remove a cloud upon title to real estate of which he has the possession and is not disturbed therein.

2. SAME.

> To maintain a suit to remove a cloud upon the title of real estate, it is generally necessary that the plaintiff's title should have been established at law, but it suffices that it be founded on undisputed evidence or long-continued possession. *Holland* v. *Challen*, 110 U. S. 20, S. C. 3 Sup. Ct. Rep. 495, followed.

In Equity. On demurrer.

*B. R. Forman*, for complainant.

*R. H. Marr*, for defendants.

PARDEE, J. This case has been heard on demurrer to the bill. The bill is one in which the complainant, alleging himself to be the owner and in possession of certain realty, complains of the defendants as pretending that a certain sheriff's deed outstanding is a prior and better title than complainant's, and that such pretensions, with a record of said sheriff's deed, will throw a cloud on complainant's title; and suitable relief is asked.

The first ground of demurrer urged is that the complainant has a complete and adequate remedy at law. Under the allegations of the bill it is difficult to point out what this remedy at law may be. Complainant is in possession, and his possession is not disturbed,—only threatened, and that by pretensions of title. Neither ejectment nor trespass will lie. The petitory action, under the Code of Louisiana, must be brought against one in possession, and is therefore not available to the complainant. The possessory action may be brought by one in possession; but in such action no question of title can be adjudicated. It seems to me that if complainant has any remedy, it is the one he has sought in this bill, to-wit, to remove cloud from title and an injunction.

The other ground of demurrer is that equity will not interfere to remove a cloud upon the title to real estate until the complainant's title has been established at law. The general rule given by the supreme court is that the plaintiff should be in possession of the property; and, except where the defendants were numerous, that his title should have been established at law, or be founded on undisputed evidence or long-continued possession. See *Holland* v. *Challen*, 110 U. S. 20; S. C. 3 Sup. Ct. Rep. 495. And in that case this general rule was held to be further modified by the legislation and jurisprudence of the state in which the action is brought, going so far in the district of Nebraska as to maintain a bill to quiet title by one not in

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

possession, because the Nebraska law allowed such suit to be brought in the state court. In the state courts of Louisiana such a suit as the present could be maintained without reference to a previous establishment of complainant's title in a petitory action. If this be so, and I think there can be no doubt of it, then under authority of *Holland* v. *Challen, supra,* such suit can be maintained in this court.

The demurrer will be overruled, and the defendants be required to answer by the rule-day.